IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD RHODES,

Petitioner, No. CIV S-04-2250 JAM GGH P

vs.

MIKE KNOWLES,

Respondent. ORDER

_________________________________/

On March 11, 2008, this court ordered an evidentiary hearing to be held regarding whether insufficient evidence supports petitioner's two prison disciplinary convictions based on petitioner's refusal to submit to DNA testing pursuant to Cal. Penal Code § 296 because he did not receive a priority ducat (DVI 02-1755) and because the reporting employee was not authorized to perform the DNA test, particularly in his office (DVI 02-2048). Counsel was appointed for petitioner for purposes of investigating, preparing for and conducting the pending evidentiary hearing by Order, filed on March 28, 2008. Present counsel was substituted in as counsel in this case by Order, filed on April 14, 2008.

By Order, filed on May 2, 2008, the evidentiary hearing was set for August 4, 2008. On May 22, 2008, after two extensions of time were granted[1] for purposes of the filing of objections to the March 11, 2008 Findings and Recommendations, as well as for seeking

[1] See Orders, filed on March 28, 2008, and on April 28, 2008.

reconsideration of the March 11, 2008, Order for an evidentiary hearing, petitioner, through his counsel, filed objections which simply seek a de novo review of all eight claims with the exception of claim three, for which it was determined that an evidentiary hearing must be held. While not objecting to proceeding with an evidentiary hearing, however, petitioner's counsel noted that he had been advised that CDCR had recently determined to reduce the 115 prison disciplinary conviction(s), in which case counsel for petitioner stated that "an evidentiary hearing m[a]y not be necessary." Objections, p. 3, n. 1.

On May 23, 2008, respondent filed a reply to the objections seeking adoption of the findings and recommendations, stating therein as well that the challenged disciplinaries had been dismissed and that the order for an evidentiary hearing should be vacated and the petition denied. Respondent also separately filed on the same day a request for reconsideration of the order for an evidentiary hearing, submitting exhibits which indicate that the prison disciplinary convictions have been dismissed, replaced with CDC 128A counseling chronos, and that the 60 days assessed for each (120 days total) have been restored to petitioner.

Accordingly, IT IS ORDERED that, within ten (10) days, petitioner must inform the court why the restoration of time credits should not be found to have mooted all claims and why, beyond simply vacating the order for an evidentiary hearing, the petition should not be dismissed as moot.

DATED: 06/06/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
rhod2250.ord