IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD RHODES,

    Petitioner,                   No. CIV S-04-2250 JAM GGH P

    vs.

MIKE KNOWLES,

    Respondent.                 <u>ORDER</u>

_____/

        As set forth in the Order, filed on June 6, 2008, this court, on March 11, 2008, ordered an evidentiary hearing to be held regarding whether insufficient evidence supports petitioner's two prison disciplinary convictions based on petitioner's refusal to submit to DNA testing pursuant to Cal. Penal Code § 296 because he did not receive a priority ducat (DVI 02-1755) and because the reporting employee was not authorized to perform the DNA test, particularly in his office (DVI 02-2048). Counsel was appointed for petitioner for purposes of investigating, preparing for and conducting the pending evidentiary hearing by <u>Order</u>, filed on March 28, 2008. Present counsel was substituted in as counsel in this case by <u>Order</u>, filed on April 14, 2008.

\\\\\

\\\\\

1   The evidentiary hearing was set for August 4, 2008.  See Order, filed on May 2,
2   2008.  On May 22, 2008, after two extensions of time were granted[1] for purposes of the filing of
3   objections to the March 11, 2008 Findings and Recommendations, as well as for seeking
4   reconsideration of the March 11, 2008, Order for an evidentiary hearing, petitioner, through his
5   counsel, filed objections which simply seek a de novo review of all eight claims with the
6   exception of claim three, for which it was determined that an evidentiary hearing must be held.
7   While not objecting to proceeding with an evidentiary hearing, however, petitioner's counsel did
8   note he had been advised that CDCR had recently determined to reduce the 115 prison
9   disciplinary conviction(s), in which case counsel for petitioner stated that "an evidentiary hearing
10  m[a]y not be necessary."  Objections, p. 3, n. 1.

11  On May 23, 2008, respondent filed a reply to the objections seeking adoption of
12  the findings and recommendations, stating therein as well that the challenged disciplinaries had
13  been dismissed and that the order for an evidentiary hearing should be vacated and the petition
14  denied.  Respondent also separately filed on the same day a request for reconsideration of the
15  order for an evidentiary hearing, submitting exhibits which indicate that the prison disciplinary
16  convictions have been dismissed, replaced with CDC 128A counseling chronos, and that the 60
17  days assessed for each (120 days total) have been restored to petitioner.

18  By Order, filed on June 6, 2008, this court directed petitioner to inform the court
19  why the restoration of time credits should not be found to have mooted all claims and why,
20  beyond simply vacating the order for an evidentiary hearing, the petition should not be dismissed
21  as moot.

22  In a response, dated June 24, 2008, petitioner's counsel, while acknowledging that
23  the time credits have now been restored and the prison disciplinary actions at issue reduced to
24  CDC 128A counseling chronos appears to have altered his position regarding the need for an
25  evidentiary hearing in spite of the time credit restoration.  Petitioner maintains now that nothing

---

[1] See Orders, filed on March 28, 2008, and on April 28, 2008.

less than expungement of the disciplinary findings altogether will permit petitioner's future parole eligibility not to be affected and expungement will only follow after an evidentiary hearing is held. Response, pp. 3-7.

Petitioner, citing <u>Superintendent v. Hill</u>, 472 U.S. 445, 455, 457, 105 S. Ct. 2768 (1985), argues that, under the "some evidence" standard applied to denials of state parole, "[a] negative disciplinary finding is precisely the sort of evidence that would carry the day." Resp., p. 4.

Petitioner takes pains to urge that this matter proceed pursuant to 28 U.S.C.§ 22554. Resp., pp. 5-7. Petitioner quotes <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989), which includes as a basis for habeas corpus jurisdiction the situation "when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Petitioner notes the apparent inconsistency in <u>Neal v. Shimoda</u>, 131 F.3d 818 (9th Cir. 1997), which found that two prisoners' 42 U.S.C. § 1983 claims, challenging their administrative placement in a sex offender treatment program, making them ineligible for parole, were not barred from proceeding under <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), because a favorable result for plaintiffs in the civil rights action would only make them eligible for parole. Petitioner also cites <u>Ramirez v. Galaza</u>, 334 F.3d 850, 858 (9th Cir. 2003), a § 1983 action wherein the Ninth Circuit held that the <u>Heck</u> bar (or "favorable termination rule") did not foreclose plaintiff from "challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement." Petitioner contends that the Ninth Circuit's assertion in <u>Ramirez</u>, at 859, that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence," was distinguished, in a subsequent decison, <u>Docken v. Chase</u>, 393 F.3d 1024, 1030 n. 4 (9th Cir. 2004), seeking to reconcile, inter alia, <u>Bostic</u> and <u>Neal</u>, wherein the Appeals Court noted that "<u>Ramirez</u> concerned a challenge to internal disciplinary procedures and the administrative segregation that resulted from it," rather than the

"fact or duration of his confinement." Resp., pp. 5-6 & n.2. However, Docken, wherein petitioner was allowed to proceed in a habeas petition on a claim concerning a right to an annual review for parole suitability, is a challenge that is in no way apposite to the claim herein.

Nevertheless, despite the interesting issues above, the fact remains that this habeas petition is now moot. It is not enough for petitioner to speculate in this § 2254 petition that his disciplinary record "will almost certainly come back to haunt him" during a future parole board's parole suitability review. Resp., p. 4. Wilson v. Terhune, 319 F.3d 477, 480 (9th Cir. 2003) addresses, and disposes of, the question of collateral consequences vis-à-vis a serious rules violation where the punishment imposed, including good time credit loss, had been withdrawn or completed. The Ninth Circuit explicitly held "that the presumption of collateral consequences does not apply to prison disciplinary proceedings," and found petitioner's challenge therein moot. Wilson, supra, at 480, 482-483. What is at issue herein has markedly less significant implications than what was at issue in Wilson as part of a disciplinary record, in that not only have the time credits been restored, but the disciplinary convictions at issue have been dismissed and reduced to custodial counseling chronos in a prison file. The undersigned does not find speculation that future BPH commissioners might look through the dismissals of the disciplinaries and "reinstate" them, for purposes of parole suitability analysis, sufficient to keep this case alive.

Accordingly, IT IS ORDERED that the evidentiary hearing set for August 4, 2008 is hereby vacated. A separate Findings and Recommendations will issue recommending dismissal of this case.

DATED: 07/17/08                                    /s/ Gregory G. Hollows

                                                   GREGORY G. HOLLOWS
                                                   UNITED STATES MAGISTRATE JUDGE

GGH:009
rhod2250.ord2