IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD RHODES,

    Petitioner,                      No. CIV S-04-2250 JAM GGH P

    vs.

MIKE KNOWLES,                         ORDER &

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        By an Order and Findings and Recommendations, filed on March 11, 2008, petitioner's pro se 28 U.S.C. § 2254 habeas petition challenging two prison disciplinary convictions based on his refusal to submit to DNA testing as required by Cal. Penal Code § 296, the undersigned recommended denial of all of petitioner's claims with the exception of petitioner's claim that insufficient evidence supported his conviction for DVI 02-1755 because he was not given a priority ducat and his claim that insufficient evidence supported his conviction for DVI 02-2048 because the reporting employee was not authorized to perform the DNA test, particularly in his office, for which the court determined that an evidentiary hearing would be necessary.

        Subsequently, petitioner was appointed counsel for purposes of investigating, preparing and conducting the evidentiary hearing, and an evidentiary hearing date was set. See

1  Orders, filed on March 28, 2008, on April 14 2008, on May 2, 2008.  By Order, filed on June 6,
2  2008, the court noted that two extensions of time had been granted for the filing of objections by
3  petitioner to the March 11, 2008, Findings and Recommendations as well as for a motion for
4  reconsideration of the Order of the same date by respondent.   In the June 6, 2008, Order, it was
5  noted that in his objections, petitioner's counsel had observed that a prison disciplinary hearing
6  might not be necessary as he had been advised that the CDCR had recently determined that the
7  115 prison disciplinary conviction(s) would be reduced.  In addition, in respondent's May 23,
8  2008, reply to the objections, respondent's counsel stated that the challenged disciplinaries had
9  been dismissed; he also filed a request for reconsideration of the order for an evidentiary hearing,
10 submitting exhibits demonstrating that the disciplinary convictions had been dismissed and had
11 been replaced with CDC 128A counseling chronos, and that the 120-day total of time credits
12 assessed (60 days for each) had been restored to petitioner.  Therefore, petitioner was directed to
13 inform the court why, beyond simply vacating the evidentiary hearing order, the restoration of
14 time credits should not be found to have mooted all claims and why the petition should not
15 simply be dismissed as moot.  See Order, filed on June 6, 2008.

16         Thereafter, by an Order, filed on July 18, 2008, this court vacated the evidentiary
17 hearing and also stated that, by separate findings and recommendations, the undersigned would
18 recommend dismissal of this petition.  The July 18, 2008, Order, noted that while in a June 24,
19 2008, response, petitioner's counsel acknowledged that the time credits had been restored and the
20 prison disciplinary actions at issue reduced to CDC 128A counseling chronos, counsel
21 nevertheless appeared to have altered his position regarding the need for an evidentiary hearing,
22 maintaining that nothing less than expungement of the disciplinary findings altogether would
23 permit petitioner's future parole eligibility not to be affected and that expungement would only
24 follow after an evidentiary hearing.  In the July 18, 2008, Order, the court noted petitioner's
25 argument, citing Superintendent v. Hill, 472 U.S. 445, 455, 457, 105 S. Ct. 2768 (1985), that
26 under the "some evidence" standard applied to denials of state parole, "[a] negative disciplinary

finding is precisely the sort of evidence that would carry the day." July 18, 2008, Order, p. 3, quoting Resp., p. 4. The court set forth the following with regard to petitioner's urging that the matter proceed pursuant to § 2254:

> Petitioner quotes Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), which includes as a basis for habeas corpus jurisdiction the situation "when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Petitioner notes the apparent inconsistency in Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997), which found that two prisoners' 42 U.S.C. § 1983 claims, challenging their administrative placement in a sex offender treatment program, making them ineligible for parole, were not barred from proceeding under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), because a favorable result for plaintiffs in the civil rights action would only make them eligible for parole. Petitioner also cites Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003), a § 1983 action wherein the Ninth Circuit held that the Heck bar (or "favorable termination rule") did not foreclose plaintiff from "challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement." Petitioner contends that the Ninth Circuit's assertion in Ramirez, at 859, that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence," was distinguished, in a subsequent decison, Docken v. Chase, 393 F.3d 1024, 1030 n. 4 (9th Cir. 2004), seeking to reconcile, inter alia, Bostic and Neal, wherein the Appeals Court noted that "Ramirez concerned a challenge to internal disciplinary procedures and the administrative segregation that resulted from it," rather than the "fact or duration of his confinement." Resp., pp. 5-6 & n.2. However, Docken, wherein petitioner was allowed to proceed in a habeas petition on a claim concerning a right to an annual review for parole suitability, is a challenge that is in no way apposite to the claim herein.

Order, filed on July 18, 2008, pp. 3-4.

The undersigned nevertheless concluded:

> [D]espite the interesting issues above, the fact remains that this habeas petition is now moot. It is not enough for petitioner to speculate in this § 2254 petition that his disciplinary record "will almost certainly come back to haunt him" during a future parole board's parole suitability review. Resp., p. 4. Wilson v. Terhune, 319 F.3d 477, 480 (9th Cir. 2003) addresses, and disposes of, the question of collateral consequences vis-à-vis a serious rules violation where the punishment imposed, including good time credit loss, had been withdrawn or completed. The Ninth Circuit explicitly held "that the presumption of collateral consequences does not apply to prison disciplinary proceedings," and found

petitioner's challenge therein moot. Wilson, supra, at 480, 482-483.  What is at issue herein has markedly less significant implications than what was at issue in Wilson as part of a disciplinary record, in that not only have the time credits been restored, but the disciplinary convictions at issue have been dismissed and reduced to custodial counseling chronos in a prison file.  The undersigned does not find speculation that future BPH commissioners might look through the dismissals of the disciplinaries and "reinstate" them, for purposes of parole suitability analysis, sufficient to keep this case alive.

Id., at 4.

As petitioner's claims have now been rendered moot, the court will vacate the March 11, 2008 (Docket # 16), Findings and Recommendations, which had addressed the claims on the merits and had recommended denial of all the claims except those for which a now-vacated evidentiary hearing was to be set.  Instead, this court will now recommend dismissal of the entire petition.

Accordingly, IT IS ORDERED that the Findings and Recommendations, filed on March 11, 2008 (Docket # 16), are hereby vacated.

IT IS RECOMMENDED that, for the reasons presented in the Order, filed on July 18, 2008 (Docket # 44), and set forth verbatim herein, the entire petition be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 02/09/09                                  /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009 - rhod2250.fr2

4